100529-12

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

TANIA MARIA LOPEZ,

    Plaintiff,
v.

COSTCO WHOLESALE CORP.,

    Defendant.
_____/

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Costco Wholesale Corporation (hereinafter, "Costco"), hereby removes the above-styled action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida on the basis of diversity jurisdiction. In support of removal, Costco states as follows:

**A.  Factual Background**

1. Costco is the sole Defendant in a civil action brought against it in the Eleventh Judicial Circuit for Miami-Dade County, Florida, styled *Tania Maria Lopez vs. Costco Wholesale Corporation*, Case No. 2021-006783-CA-01. A true and correct copy of all process and pleadings served upon Costco are attached hereto as Composite Exhibit "A" in compliance with 28 U.S.C. § 1447(b).

2. This action involves the Plaintiff's alleged personal injuries sustained as a result of an alleged incident at the Costco Warehouse located at 7795 W Flagler Street,

Miami, FL 33144 on or about April 8, 2020. *See generally* Plaintiff's Complaint, attached hereto as part of Composite Ex. "A."

3. On April 6, 2021, Plaintiff made service of process on Costco. *See* Affidavit of Service of Process, dated April 6, 2021, attached hereto as part of Composite Ex. "A."

**B.  Diversity Jurisdiction Exists**

4. Costco is a Washington corporation with its principal place of business located in Issaquah, Washington. *See* Fla. Division of Corporations 2021 Annual Report, attached hereto as Exhibit "B."

5. The Plaintiff, Tania Maria Lopez, states that she a resident of Miami-Dade County, Florida. See ¶ 2 of Plaintiff's Complaint, attached hereto as part of Composite Ex. "A." Consequently, it is presumed the Plaintiff is a citizen of the State of Florida. *See Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001).

6. The amount in controversy in this case exceeds $75,000.00. Although the Complaint sets forth the minimal jurisdictional allegations necessary to invoke the jurisdiction of the state circuit court, the Plaintiff issued a pre-suit demand for $250,000.00 in damages, which demonstrates that the amount in controversy exceeds the amount necessary to invoke the jurisdiction of the District Court. *See* Plaintiff's Demand Letter, dated July 29, 2020, attached hereto as Exhibit "C". Therefore, Defendant has met its burden in establishing the amount in controversy requirement. *See Archer v. Kelly*, 271 F. Supp. 2d 1320, 1322 (N.D. Okla. 2003) (holding the plaintiff's demand letter alleging damages of $1,325,000 was sufficient to establish that plaintiff's claim exceeded amount in controversy requirement necessary to exercise diversity jurisdiction); *Molina v. Wal-Mart Stores Tx.*, 535 F. Supp. 2d 805, 806 (W.D. Tex. 2008) (holding customer's pre-suit

demand letter alleging damages of $100,000, was sufficient to establish an amount in controversy exceeding $75,000); *see also Scott v. Home Depot U.S.A., Inc.*, No. 11-62426-CIV, 2012 WL 86986, *2 (Fla. S.D. Jan. 11, 2012) (stating "a defendant may introduce its own affidavits, declarations or other documentation" to meet its burden to show that the amount in controversy exceeds $75,000).

7. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interests and costs and the action is between the Plaintiff, who is a citizen of Florida, and Defendant, who is a citizen of Washington. Removal to this Court is therefore proper pursuant to 28 U.S.C. § 1441 given this Court's diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441(a).

8. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Costco's rights to assert any defenses or affirmative claims, including a counterclaim.

**C.** **Procedural Compliance**

9. Costco filed this Notice of Removal on April 28, 2021. Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b). No further state court proceedings in this litigation have taken place as of the date of this Notice of Removal.

10. Venue is proper in the United States District Court for the Southern District of Florida because the case is being removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

11. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed in this matter in the Circuit Court of the Eleventh Judicial Circuit, in and

for Miami-Dade County, Florida, that were served upon Costco are attached as Composite Exhibit "A."

12. In accordance with 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, Costco has served Plaintiff with a copy of this Notice of Removal and has filed a Notice of Filing of Notice of Removal with the Clerk of the Court for the Eleventh Judicial Circuit in Miami-Dade County, Florida. A copy of the Notice of Filing Notice of Removal (without attachments) is attached hereto as Exhibit "D."

WHEREFORE, Defendant Costco Wholesale Corporation, respectfully requests that the above action now pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida be removed therefrom to this Honorable Court because the citizenship of the parties is diverse and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

Respectfully submitted,

*/s/ Jaime J. Baca*
Jaime J. Baca, Esquire
Florida Bar No. 113859
jbaca@wickersmith.com
WICKER SMITH O'HARA McCOY & FORD, P.A.
2800 Ponce de Leon Boulevard, Suite 800
Coral Gables, FL  33134
Telephone: (305) 448-3939
Facsimile: (305) 441-1745
Attorneys for Costco Wholesale Corp.

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on April 30, 2021, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*Jaime J. Baca*
Jaime J. Baca, Esquire

## **SERVICE LIST**

William C. Ruggiero, Esq.
Law Offices of William C. Ruggiero
Museum Plaza, Suite 703
200 South Andrews Avenue
Fort Lauderdale, Florida 33301
Telephone:(954) 462-2300
ruggiero@wcrlaw.com